# IN THE U.S. DISTRICT COURT FOR THE
# WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| STANLEY ROGERS, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:22-cv-05012-PKH |
| ) | |
| v. ) | |
| ) | |
| FISERV, INC., et al, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANTS TONY MARINO AND ANGELO GRECCO'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Plaintiff Stanley Rogers ("Rogers") filed suit for fraud and tortious interference against corporate Defendants Fiserv, Inc. ("Fiserv") and First Data Corporation ("First Data"). In addition, he sued Tony Marino ("Marino"), and Angelo Grecco ("Grecco"), each in their individual capacity (collectively the "Individual Defendants"). The Petition concedes that Marino and Grecco are not residents of Arkansas, and fails to allege that Marino and/or Grecco have sufficient contacts within Arkansas to allow the Court to exercise personal jurisdiction over them consistent with the Due Process Clause of the Fourteenth Amendment. By way of their Motion, Marino and Grecco specially appear for the limited purpose of moving the Court to dismiss them from the Petition with prejudice on the grounds that the Court lacks personal jurisdiction over them.

## I.     RELEVANT FACTS AND BACKGROUND[1]

Rogers was hired to work at Fiserv in 2015 until his eventual termination in 2021. (Petition at ¶¶ 7, 17). During the course of his employment, Rogers signed at least three Restricted Stock

---

[1] For purposes of this Motion, the Individual Defendants accept as true the allegations in Rogers's Petition. Individual Defendants do not, however, waive their right to deny or otherwise dispute any of the allegations in the Petition.

Agreements ("RSUs"), each of which contained restrictive covenants not to compete against Fiserv for a period of 12 months following his separation from Fiserv for any reason. (*Id.* at ¶¶ 9-15). As consideration for each of these agreements, Fiserv awarded Rogers shares of Fiserv's common stock. (*Id.* at ¶¶ 9, 11, 13).

On September 23, 2021, Fiserv notified Rogers it intended to terminate his employment effective October 7, 2021, and offered him a severance agreement with a release of claims in exchange for $182,019.23 and vesting of a portion of his equity as consideration. (*See* Exhibit A – Release of Claims signed by Rogers on October 25, 2021 ("Release of Claims")).[2] The Release of Claims also incorporated the non-compete obligations contained in the RSUs. (*Id.* at ¶ 4). Before signing the Release of Claims, Rogers received an offer to work for another company—which he identified in the Petition as the "Subsequent Employer." (Petition at ¶ 19). Rogers alleges that after discussions with Grecco regarding whether Fiserv would release him from the non-compete agreement contained in the Release of Claims, he signed the Release of Claims on October 25, 2021. (*Id.* at ¶ 30). Rogers further alleges Marino communicated with the Subsequent Employer and warned it not to hire Rogers and that Marino's communication caused the Subsequent Employer to withdraw the offer of employment. (Petition at ¶ 33-34).

Roughly six weeks after Rogers signed the Release of Claims, he filed the Petition alleging that Fiserv, First Data, and Defendant Grecco fraudulently induced him to sign the Release of Claims and that all of the Defendants, including Marino, tortiously interfered with his business expectancy of employment with the Subsequent Employer. (*Id.* at ¶¶ 36-50).

---

[2] In addition to the allegation in the Petition, a court may consider "materials that are necessarily embraced by the pleadings." *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2003).

## II. STANDARD OF REVIEW

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for lack of personal jurisdiction. In such situations, the plaintiff bears the burden of establishing that jurisdiction over the individual defendants exists. *Mountaire Feeds, Inc. v. Argo Impex, S.A.*, 677 F.2d 651, 653 n.3 (8th Cir. 1982). To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a *prima facie* showing of jurisdiction. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). Where the court relies on only the pleadings and affidavits in making its decision, and does not conduct an evidentiary hearing on the issue of jurisdiction, it views the facts in the light most favorable to the non-moving party, and resolves all factual conflicts in favor of that party. *Id.*

In a diversity suit, a federal court may exercise jurisdiction over a non-resident only if the requirements of the forum state's long-arm statute are met and the exercise of jurisdiction comports with due process. *See Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996); *see also Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011) ("Arkansas's long-arm statute provides for jurisdiction over persons and claims to the maximum extent permitted by constitutional due process."); Ark. Code Ann. § 16-4-101. To satisfy the due process clause, a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). The defendant's contact with the forum state must be purposeful and such that defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

As detailed below, the Petition fails to allege facts sufficient to meet this standard with regard to Marino and/or Grecco. Accordingly, they must be dismissed from this suit with prejudice.

**III.   ARGUMENT**

There are two distinct forms of personal jurisdiction: "general" and "specific." *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 490 n. 15 (1985); *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010). Since Rogers does not specify whether the Court has general or specific jurisdiction over Marino and Grecco, the Individual Defendants address the lack of both general and specific jurisdiction.

General jurisdiction refers to the court's ability to hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum state such that it is fair to require the defendant to litigate there, even though the suit is unrelated to the defendant's contacts with the forum. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Specific, or "conduct-linked," jurisdiction involves suits "arising out of or related to the defendant's contacts with the forum. *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (citing *Helicopteros Nacionales de Columbia, S.A*, at 414, n. 8). In order for the Court to exercise specific jurisdiction, "the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017) (quoting *Daimler AG*, 518 U.S. at 118). Put differently, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum state and is therefore subject to the State's regulation." *Id.*

Rogers cannot establish a *prima facie* claim for general or specific personal jurisdiction over Marino or Grecco. His claims against them in their individual capacity should, therefore, be dismissed with prejudice.

### a. The Court Cannot Exercise General Personal Jurisdiction Over Marino or Grecco

The Petition alleges that Defendant Marino is a New York citizen who resides and is domiciled in that state. (Petition at ¶ 4).[3] Marino owns no real property in Arkansas and holds no bank accounts or other personal property in Arkansas. (Exhibit B - Declaration of Tony Marino ("Marino Dec.") at ¶¶ 7-8). Marino also does not have or maintain any personal contacts within Arkansas and has not physically been in Arkansas in over 30 years. (*Id.* at ¶¶ 6, 10.) The only contact alleged in the Petition is that Marino had a single communication with the Subsequent Employer. (Petition at ¶ 33).

As to Defendant Grecco, the Petition alleges that he is a Pennsylvania citizen who resides and is domiciled in Pennsylvania. (Petition at ¶ 4; Exhibit B - Declaration of Angelo Grecco ("Grecco Dec.") at ¶ 3). Grecco owns no real property in Arkansas, holds no bank accounts or other personal property in Arkansas, and has never physically been in Arkansas. (*Id.* at ¶¶ 5-8.) Grecco also does not have or maintain any personal contacts within Arkansas. (*Id.*). The only contacts alleged in the Petition are that Grecco communicated with Rogers by text messages, e-mails, and phone calls regarding Rogers's request for Fiserv to waive his non-compete obligations in the Release of Claims. (Petition at ¶¶ 17-30).

The Petition is devoid of any allegations sufficient to allow this Court to exercise general personal jurisdiction over Marino or Grecco. The limited contacts in the Petition do not establish that the Individual Defendants had or have continuous and systematic contacts in Arkansas sufficient to put them on notice that they could be fairly brought into Arkansas courts. General personal jurisdiction does not exist so they should be dismissed with prejudice. *See Dever v.*

---

[3] As set forth in Marino's Declaration, he is a citizen of North Carolina. (Marino Dec. at ¶ 3).

*Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004); *Epps v. Steward Info. Services, Corp.*, 327 F.3d 642, 648 (8th Cir. 2003) (general personal jurisdiction exists when "the exercise of jurisdiction does not depend on the relationship between the cause of action and the defendant's contacts with the forum state").

### b. The Court Cannot Exercise Specific Personal Jurisdiction Over Marino or Grecco

The facts alleged in the Petition are also insufficient to establish specific personal jurisdiction over the Individual Defendants, and Rogers cannot rely on the Court's jurisdiction over Fiserv and First Data to establish jurisdiction over either Marino or Grecco. *See Keeton v. Hustler Magazine*, 465 U.S. 770, 781, n.13 (1984) (noting that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him" and that each "defendant's contacts with the forum State must be assessed individually"). Accordingly, merely alleging that Marino and Grecco acted on behalf of Fiserv and that the Court has jurisdiction over Fiserv does not suffice to establish personal jurisdiction over them.

Moreover, "mail or telephone correspondence between defendant and the forum state is insufficient to satisfy the Fourteenth Amendment's due process requirement." *Piper v. Kassel*, 817 F.Supp. 802, 805 (E.D. Mo. 1993); *see also*, *T.J. Raney & Sons, Inc. v. Security Wav. & Loan Assoc.*, 749 F.2d 523, 525 (8th Cir. 1984) ("The use of interstate mail, telephone, or banking facilities, standing alone, was insufficient to satisfy the requirements of due process."); *Institutional Food Marketing Assoc., Ltd. v. Golden State Strawberries*, 747 F.2d 448, 456 (8th Cir. 1984) ("[Defendant's] contacts have been limited to phone conversations and written correspondence with [plaintiffs]. These contacts are not sufficient, under the due process clause, to justify an exercise of personal jurisdiction over the defendant."); *Scullin Steel v. National Railway Utilization Corp.*, 676 F.2d 309, 314 (8th Cir. 1982) ("The use of interstate facilities

(telephone, the mail) . . . are secondary or ancillary factors and cannot alone provide the 'minimum contacts' required by due process."); *Mountaire Feeds, Inc.*, 677 F.2d at 656 ("Although the parties did make telephone calls, exchange correspondence, and use banks to arrange payment, 'the use of arteries of interstate mail, telephone, railway, and banking facilities is insufficient, standing alone, to satisfy due process.'"); *Aaron Ferer & Sons Co. v. Atlas Scrap Iron*, 558 F.2d 450, 455 (8th Cir. 1977) ("Letters and telephone calls in this purely commercial setting did not supply the necessary minimal contact.").

The lone allegation in the Petition regarding Marino is that he "communicated with the Subsequent Employer and warned it not to hire Rogers." (Petition at ¶ 33). The Petition does not allege that the Subsequent Employer was located in Arkansas, that Marino made the alleged communication in person in Arkansas, or any additional facts to claim Marino took any action(s) in Arkansas related to Rogers's claims. Indeed, Marino has not been in Arkansas in over 30 years. (Marino Dec. at ¶ 6). Accordingly, without more, the facts as alleged are insufficient for the Court to exercise personal jurisdiction over Marino.

The same is true for Grecco. The Petition simply alleges that Grecco communicated directly with Rogers and represented that Fiserv would provide a waiver from the non-compete clause in the Release of Claims. (Petition at ¶¶ 17-30). The Petition does not allege that Grecco made the alleged representations or took any other actions related to this lawsuit in Arkansas. Further, Grecco has never been in Arkansas, and his alleged communications in this case are limited to text messages, emails, and a few phone calls. (Grecco Dec. at ¶¶ 5, 9-10). Accordingly, this Court cannot exercise personal jurisdiction over Grecco.

## IV. CONCLUSION

For the foregoing reasons, the Individual Defendants' Motion to Dismiss should be granted and the claims against the Individual Defendants should be dismissed with prejudice.

Date: January 20, 2022

Respectfully submitted,

CONNER WINTERS, LLP

By: *Kerri E. Kobbeman*
Kerri E. Kobbeman, ABA #2008149
4375 North Vantage Drive, Ste 405
Fayetteville, AR 72703
Phone: 479.582.5711
Facsimile: 479.587.1426 (Facsimile)
Email: kkobbeman@cwlaw.com

OF COUNSEL
SAUL EWING ARNSTEIN & LEHR LLP
Gary B. Eidelman (admitted *pro hac vice*)
500 E. Pratt Street
Suite 900
Baltimore, MD 21202
Phone: 410.332.8975
Facsimile: 410.332.8976
Email: Gary.Eidelman@saul.com

Garrett P. Buttrey (admitted *pro hac vice*)
1919 Pennsylvania Ave. NW
Suite 550
Washington, D.C. 20006
Phone: 202.295.6642
Facsimile: 202.337.6065
Email: Garrett.Buttrey@saul.com

*Counsel for Defendants*
*Fiserv, Inc., First Data Corporation,*
*Tony Marino, and Angelo Grecco*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 20th day of January, 2022, upon electronically filing the foregoing document, a copy of same was served on all counsel of record via the court's ECF system.

                                            *Kerri E. Kobbeman*
                                            Kerri E. Kobbeman