**IN THE U.S. DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS**

| | | |
|---|---|---|
| **STANLEY ROGERS, an individual** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 5:22-cv-05012-PKH** |
| **FISERV, INC., et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS FISERV, INC. AND FIRST DATA CORPORATION**

Defendants Fiserv, Inc. ("Fiserv") and First Data Corporation ("First Data"), by and through their undersigned counsel, state as follows for their Answer and Affirmative Defenses to Plaintiff Stanley Rogers's ("Plaintiff" or "Rogers") Complaint (referred to by Plaintiff as a "Petition"):

**PARTIES, VENUE, AND JURISDICTION[1]**

1. Defendants Fiserv and First Data lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 1 of the Petition. To the extent a further response is required, the allegations are denied.

2. Defendants Fiserv and First Data admit the allegations set forth in Paragraph 2 of the Petition.

---

[1] Defendants Marino and Grecco have filed a Motion to Dismiss the Complaint contemporaneously with this Answer on the grounds that this Court lacks personal jurisdiction over them. Accordingly, the responses to the Petition contained in this Answer apply only to Defendants Fiserv and First Data.

3.     Defendants Fiserv and First Data admit that First Data is a foreign corporation and that First Data is a wholly owned subsidiary of Fiserv, but deny the remaining allegations set forth in Paragraph 3 of the Petition.

4.     Defendants Fiserv and First Data admit that Anthony Marino is Fiserv's Chief Human Resources Officer, but deny the remaining allegations set forth in Paragraph 4 of the Petition.

5.     Defendants Fiserv and First Data admit the allegations set forth in Paragraph 5 of the Petition.

6.     Defendants Fiserv and First Data admit that the Petition purports that jurisdiction and venue are proper in this Court, but denies that Defendants Fiserv and First Data are liable to Plaintiff for the claims alleged in the Petition or any other claims.

**FACTS**

7.     Defendants Fiserv and First Data admit that Plaintiff's date of hire was October 26, 2015, but deny the remaining allegations set forth in Paragraph 7 of the Petition.

8.      Defendants Fiserv and First Data admit that Rogers worked for Fiserv but deny the remaining allegations set forth in Paragraph 8.

9.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 9 of the Petition.

10.     Defendants Fiserv and First Data admit that Rogers accepted and acknowledged a Restricted Stock Unit Agreement in 2019, but deny the remaining allegations set forth in Paragraph 10 of the Petition.

11.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 11 of the Petition.

2

12.     Defendants Fiserv and First Data admit that Rogers accepted and acknowledged a Restricted Stock Unit Agreement in 2020, but deny the remaining allegations set forth in Paragraph 12 of the Petition.

13.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 13 of the Petition.

14.     Defendants Fiserv and First Data admit that Rogers accepted and acknowledged a Restricted Stock Unit Agreement in 2021, but deny the remaining allegations set forth in Paragraph 14 of the Petition.

15.     The allegations set forth in Paragraph 15 of the Petition refer to documents, the contents of which speak for themselves. To the extent a further response is required, the allegations are denied.

16.     The allegations set forth in Paragraph 16 of the Petition refer to documents, the contents of which speak for themselves. To the extent a further response is required, the allegations are denied.

17.     Defendants Fiserv and First Data admit the allegations set forth in Paragraph 17 of the Petition.

18.     The allegations set forth in Paragraph 18 of the Petition refer to a document, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

19.     Defendants Fiserv and First Data lack knowledge or information sufficient form a belief as to the allegations set forth in Paragraph 19 of the Petition. To the extent a further response is required, the allegations are denied.

20.     Defendants Fiserv and First Data lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Petition. To the extent a further response is required, the allegations are denied.

21.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 21 of the Petition

22.     Defendants Fiserv and First Data admit the allegations set forth in Paragraph 22 of the Petition.

23.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 23 of the Petition.

24.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 24 of the Petition.

25.     Defendants Fiserv and First Data admit that Rogers asked for written consent to work for the Subsequent Employer, but deny the remaining allegations set forth in Paragraph 25 of the Petition.

26.     Defendants Fiserv and First Data admit the allegations set forth in the first sentence of Paragraph 26 of the Petition, but deny the remaining allegations set forth in Paragraph 26 of the Petition.

27.      The allegations set forth in Paragraph 27 of the Petition refer to a text message, the contents of which speak for itself. To the extent a further response is required, the allegations are denied.

28.     Defendants Fiserv and First Data admit the allegations set forth in the first sentence of Paragraph 28 of the Petition. The remaining allegations set forth in Paragraph 28 of the Petition

refer to a text message, the contents of which speak for itself. To the extent a further response is required, the remaining allegations are denied.

29.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 29 of the Petition.

30.     Defendants Fiserv and First Data admit that Rogers executed the Release on October 25, 2021. Defendants Fiserv and First Data are without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 30 of the Petition. To the extent a further response is required, the remaining allegations are denied.

31.     Defendants Fiserv and First Data admit that Fiserv did not provide Rogers with written consent, but deny the remaining allegations set forth in Paragraph 31 of the Petition.

32.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 32 of the Petition.

33.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 33 of the Petition.

34.     Defendants Fiserv and First Data are without knowledge or information sufficient to form a belief as to whether the Subsequent Employer revoked its offer to Plaintiff. To the extent a further response is required, that allegation is denied. Defendants Fiserv and First Data deny the remaining allegations set forth in Paragraph 34 of the Petition.

35.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 35 of the Petition and further deny that Plaintiff is entitled to any damages.

## COUNT I – FRAUD
### (Asserted Against Fiserv, Inc., First Data Corporation, and Grecco)

36.     Defendants Fiserv and First Data reallege and incorporate their responses to Paragraphs 1-35 as though fully set forth herein.

37.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 37 of the Petition.

38.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 38 of the Petition.

39.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 39 of the Petition.

40.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 40 of the Petition.

41.     Defendants Fiserv and First Data admit that Fiserv has not provided consent to Rogers, but deny the remaining allegations set forth in Paragraph 41 of the Petition.

42.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 42 of the Petition.

43.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 43 of the Petition and further deny that Plaintiff is entitled to any damages.

## COUNT II – TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY
### (Asserted Against All Defendants)

44.     Defendants reallege and incorporate their responses to Paragraphs 1-43 as though fully set forth herein.

45.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 45 of the Petition.

46.     Defendants Fiserv and First Data admit that they were aware that Rogers was exploring employment, but deny the remaining allegations set forth in Paragraph 46 of the Petition.

47.     Defendants Fiserv and First Data deny the allegations set forth in Paragraph 47 of the Petition.

6

48.    Defendants Fiserv and First Data deny the allegations set forth in Paragraph 48 of the Petition.

49.    Defendants Fiserv and First Data deny the allegations set forth in Paragraph 49 of the Petition.

50.    Defendants Fiserv and First Data deny the allegations set forth in Paragraph 50 of the Petition and further deny that Plaintiff is entitled to any damages

51.    Defendants deny Rogers is entitled to any of the relief prayed for in Paragraph 51 of the Petition, including all subparagraphs. Defendants Fiserv and First Data further deny that Rogers is entitled to any of the damages or relief sought in Paragraph 51 of the Petition.

52.    Defendants deny Rogers is entitled to any of the relief prayed for in Paragraph 52 of the Petition, including all subparagraphs. Defendants Fiserv and First Data further deny that Rogers is entitled to any of the damages or relief sought in Paragraph 52 of the Petition.

## AFFIRMATIVE DEFENSES

Without conceding that Rogers bears the burden of proof as to any issue, Defendants assert the following Defenses and Affirmative Defenses to Rogers's Complaint:

### First Affirmative Defense

The Petition and each count therein fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Rogers's claims are barred because he executed a Release for which he was paid consideration.

### Third Affirmative Defense

Rogers's claims are barred by waiver and estoppel because he executed a Release for which he was paid consideration.

**Fourth Affirmative Defense**

Rogers's claims are barred because the Court cannot exercise personal jurisdiction over one or more of the Defendants.

**Fifth Affirmative Defense**

Rogers's claims are barred by accord and satisfaction because he executed a Release for which he was paid consideration.

**Sixth Affirmative Defense**

Because he received consideration for the Release, Rogers has not been damaged.

**Seventh Affirmative Defense**

Rogers has failed to mitigate his damages.

**Eighth Affirmative Defense**

Rogers claims are barred, in whole or in part, under the doctrine of unclean hands because his actions are contrary to the Release agreement that he executed with Fiserv.

**Ninth Affirmative Defense**

Should Defendants Fiserv and/or First Data be found liable for the claims in the Petition, they are entitled to a return of the consideration paid to Rogers for the Release because he would otherwise be unjustly enriched.

**Tenth Affirmative Defense**

Rogers is not entitled to the equitable relief requested in the Petition.

**Eleventh Affirmative Defense**

Rogers cannot meet his burden to establish the elements necessary for the imposition of injunctive relief.

### Twelfth Affirmative Defense

Defendants Fiserv and First Data's actions were justified by their own economic interest.

### Thirteenth Affirmative Defense

Defendants Fiserv and First Data's actions were not improper and are privileged under Arkansas law because they were acting in good faith in their own economic interest.

### Fourteenth Affirmative Defense

Defendants Fiserv and First Data are entitled to a set off of the amounts paid to Rogers under the Release for which he was paid consideration.

### Fifteenth Affirmative Defense

Defendants Fiserv and First Data reserve the right to amend this Answer to assert additional defenses as may be become available or apparent through discovery or otherwise.

### JURY DEMAND

Defendants Fiserv and First Data hereby demand a trial by jury of all issues triable by jury in this action.

Date: January 20, 2022          Respectfully submitted,

                           CONNER WINTERS, LLP

By:    *Kerri E. Kobbeman*
      Kerri E. Kobbeman, ABA #2008149
      4375 North Vantage Drive, Ste 405
      Fayetteville, AR 72703
      Phone: 479.582.5711
      Facsimile: 479.587.1426
      Email: kkobbeman@cwlaw.com

      OF COUNSEL
      SAUL EWING ARNSTEIN & LEHR LLP
      Gary B. Eidelman (admitted *pro hac vice*)
      500 E. Pratt Street
      Suite 900
      Baltimore, MD 21202
      Phone: 410.332.8975
      Facsimile: 410.332.8976
      Email: Gary.Eidelman@saul.com

      Garrett P. Buttrey (admitted *pro hac vice*)
      1919 Pennsylvania Ave. NW
      Suite 550
      Washington, D.C. 20006
      Phone: 202.295.6642
      Facsimile: 202.337.6065
      Email: Garrett.Buttrey@saul.com

      *Counsel for Defendants*
      *Fiserv, Inc., First Data Corporation,*
      *Tony Marino, and Angelo Grecco*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 20th day of January, 2022, upon electronically filing the foregoing document, a copy of same was served on all counsel of record via the court's ECF system.

*Kerri E. Kobbeman*
Kerri E. Kobbeman
