IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| STANLEY ROGERS, | ) |
| | ) |
| Plaintiff, | )   Case No. 5:22-cv-05012-PKH |
| | ) |
| v. | ) |
| | ) |
| FISERV, INC., et al, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS TONY MARINO'S AND ANGELO GRECCO'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendants Tony Marino and Angelo Grecco (the "Individual Defendants"), for their reply to Plaintiff Stanley Rogers' Response to Defendants' Motion to Dismiss ("Response") and in further support of their Motion to Dismiss, state as follows:

**1. Rogers Fails to Establish a *Prima Facie* Case for Personal Jurisdiction**

   **a. Rogers' Reliance on *Walden* is Incomplete**

It remains an uncontested fact that the lone contacts with Arkansas of the Individual Defendants, who have been sued in their personal capacity, are limited to their contacts with Rogers, who happens to reside in Arkansas. The Individual Defendants did not create any contacts with Arkansas, nor did they have or show any intent to create contacts with Arkansas.

As an initial matter, Rogers' reliance on *Walden v. Fiore*, 571 U.S. 277 (2014), is incomplete. In *Walden,* the Supreme Court reaffirmed that the "relationship [between the defendant and the forum state] must arise out of contacts that the 'defendant *himself*" creates with the forum," and that the "minimum contacts" analysis must explore a defendant's contacts with the forum state itself, and not just "the defendant's contacts with persons who reside there." *Id*.

(emphasis in original) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945) (due process "does not contemplate that a state may make binding a judgment *in personam* against an individual . . . with which the state has no contacts, ties, or relations."). The Response fails to inform this Court, however, that *Walden* goes further, finding that "the plaintiff cannot be the *only link* between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285 (emphasis added) (citing *Burger King Corp.*, 471 U.S. at 478 ("If the question is whether an individual's contact with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis in original). As first noted in the Individual Defendants' Motion, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Burger King Corp.*, 471 U.S. at 475.

The Petition alleges that the only contacts the Individual Defendants Marino and Grecco had with Arkansas are not with the state itself, but with Rogers and one other unnamed individual whose residency is unspecified within the Petition.[1] *See* Petition, Doc. 3, at 22-34. To oppose the Individual Defendants' Motion, the only contacts Rogers relies on are the Individual Defendants' brief contacts with him. For Grecco, the Petition alleges only a string of calls, emails, and text messages *in response to* Rogers' attempts to obtain a waiver of his non-compete agreement. *See* Petition, Doc. 3, at 22-32. For Marino, the Petition alleges the existence of a single *responsive* text

---

[1] Rogers fails to allege where the Subsequent Employer resides, or where this unnamed person was when he contacted Marino regarding Rogers. *See* Petition, Doc. 3, at ¶¶ 33-34; Doc. 12-1, at 10.

39617259.6

message *about Rogers* to the unnamed Subsequent Employer. *Id.* at 33-34. Rogers has not alleged that Grecco or Marino had or have any other contacts with Arkansas aside from himself. Further, the Individual Defendants' declarations remain uncontested that they have no other connections with Arkansas. Per *Walden*, on which Rogers relies heavily in the Response, Rogers' allegations are insufficient to warrant exercise of personal jurisdiction over the Individual Defendants.

      **b. Rogers' Assessment of the Individual Defendants' Contacts with Arkansas are Misguided**

Rogers' other argument that the Individual Defendants' calls, emails, and text messages, on their own, are sufficient to justify exercise of personal jurisdiction has been rejected by the Eighth Circuit and should be rejected here. The Eighth Circuit has ruled that "calls, emails, and text messages directed at a plaintiff can be relevant contacts. But when the only connection between the defendants and the forum state is the plaintiff himself, they are not enough on their own." *Pederson v. Frost*, 951 F.3d 977, 980 (8th Cir. 2020) (internal citations omitted). In *Pederson*, the Eighth Circuit declined to exercise personal jurisdiction over the defendant despite the defendant sending "hundreds of telephone and email contacts" to the plaintiff in the forum state, justifying its decision on plaintiff's failure to produce evidence that the calls and emails were part of "some broader effort by the defendants to create a connection" with the forum state. *Id.* at 979-80.

Similarly, in *Morningside Church, Inc. v. Rutledge*, the Eighth Circuit declined to allow the exercise of jurisdiction when the defendants' contacts with the plaintiff were "simply because [the plaintiffs] 'just happen[ed]' to reside there [ ]—had they been in California or Iowa, the defendants would have reached out to them in those states instead." 9 F.4th 615, 620 (8th Cir. 2021) (citing *Walden* 571 U.S. at 285). According to the Eighth Circuit, this fact made the plaintiffs the only link between the defendants and the forum state.

3

The holdings in *Pederson* and *Morningside Church* are applicable here. Grecco's calls, emails, and texts are limited to Rogers' request for a waiver of his non-compete agreement. Grecco has no other connection to Arkansas. Moreover, there is no evidence that Marino made contact with Arkansas when he sent a responsive text about the status of Rogers' non-compete agreement to the Subsequent Employer, without regard to where the Subsequent Employer was when he received Marino's text. These allegations do not evidence "some broader effort by the defendants to create a connection" with Arkansas, *Pederson*, 951 F.3d at 979-80, nor can they justify an exercise of personal jurisdiction over the Individual Defendants. Viewed in the light most favorable to Rogers and taking his alleged facts as true, the allegations in the Petition and the Individual Defendants' sworn statements in their declarations establish that the Individual Defendants lack sufficient contacts with Arkansas to justify exercising personal jurisdiction over them. The Motion should be granted and the Individual Defendants should be dismissed from the case with prejudice.

2. **Rogers' Request for a Radical Expansion of Judicial Jurisdiction Would Result in a Fundamentally Unfair Exercise of Personal Jurisdiction Over the Individual Defendants**

In addition to the Response's legal shortcomings, Rogers asks the Court to apply a jurisdictional standard that is fundamentally unfair to the Individual Defendants, and future defendants, and would radically expand the jurisdictional reach of this Court beyond that permitted by due process. First, Rogers' argument neglects the longstanding principle that due process requirements protect potential *defendants* from the unfair exercise of personal jurisdiction, not to promote the convenience of plaintiffs. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980) ("The concept of minimum contacts, in turn, can be seen to perform two related, but distinguishable, functions. It protects the defendant against the burdens of litigating in

a distant or inconvenient forum. And it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system."). Rogers focuses, however, on how hypothetical defendants may conduct themselves outside of this forum if the Court fails to exercise jurisdiction over the Individual Defendants in this matter. This argument misses the point of due process and the prerequisites of personal jurisdiction. Taken to its natural conclusion, Rogers' position would allow the Court to extend its jurisdiction anywhere in the country so long as a plaintiff has the telephone number or email address of a potential defendant and initiates a conversation with that potential defendant, creating personal jurisdiction where none existed before and which is unknown to the potential defendant. This is the exact abuse that due process was designed to combat.

Second, to extend personal jurisdiction over the Individual Defendants on these alleged facts would "offend traditional notions of fair play and substantial justice" because the only contacts the Individual Defendants had with Arkansas, which are few, were in response to contacts Rogers created, and were carried out entirely in the Individual Defendants' professional capacity as Fiserv employees. The alleged facts, despite attempts in the Response to cleverly reframe the Individual Defendants' actions in a more favorable light to Rogers,[2] fail to show how the Individual Defendants have opened themselves to jurisdiction in Arkansas courts in their personal, individual capacities—the capacities in which Rogers seeks to hold them liable. As the Individual Defendants

---

[2] Rogers tries to reframe the Individual Defendants' actions by stating that "Grecco *directed* active communications to Rogers in Arkansas," "Greco *exchanged* multiple texts and emails with Rogers," and that Marino "had [a] less-frequent . . . text *exchange*" with the Subsequent Employer about Rogers. (Doc. 15, pg. 4, 7) (emphasis added). The Court should make no mistake about the alleged facts: Grecco did not initiate, create, or seek these communications with Rogers, nor did Marino initiate, create, or seek the *one* text message he received and to which he responded from the Subsequent Employer. Rogers' attempts to avert the Court from the reality of how these few communications came to pass is nothing more than an effort to distract the Court from the radical nature of his argument.

5

testified in their declarations, Rogers contacted Grecco to ask that he work with Fiserv to release Rogers from his non-compete obligations. Grecco did not reach out to Rogers, nor are there any allegations that Grecco invited the request. Similarly, the allegations against Marino are that he simply responded to an unprompted request from the Subsequent Employer about the status of Rogers' non-compete agreement.

Neither of the Individual Defendants own or maintain any real or personal property in Arkansas, and their contacts with Arkansas were limited to those few communications made in their professional capacity as Fiserv employees. *See* Doc. 12-1 at ¶¶ 6-10; Doc. 12-2 at ¶¶ 5-9. Rogers has no plausible argument consistent with due process that would justify an exercise of personal jurisdiction over the Individual Defendants on these facts.

Finally, dismissal of Grecco and Marino does not prejudice or unduly burden Rogers because he still can file suit in a proper forum that can exercise personal jurisdiction over them. Roger's decision not to sue Grecco and Marino in an appropriate jurisdiction is no justification for his attempt to circumvent their rights to due process.

### 3. Rogers' Response Includes Irrelevant Facts Not Included in the Petition

In support of his Response, Rogers includes a number of additional allegations not included in the pleadings, which the Court should disregard as unfounded and irrelevant. Fed. R. Civ. P. 12(d); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1078 (generally, in evaluating a complaint, materials outside the pleadings cannot be considered on a motion to dismiss); *see also Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (a court "may consider the pleadings themselves, material embraced by the pleadings, exhibits attached to the pleadings, and matters of public record" such as judicial records.). Specifically, in an effort to create contacts by the Individual Defendants to Arkansas, Rogers claims that "Walmart is the employer's singly

largest client which, as the Court well knows, is headquartered in Arkansas." (Doc. 15, pg. 8). Rogers also claims for the first time in the Response that "the [Individual] Defendants acted *in concert* to create contacts with Arkansas," and that "*they*," meaning the Individual Defendants, promised to grant Rogers a waiver of his non-compete obligations. (Doc. 15, pg. 5). None of these allegations appear in the Petition or in the Individual Defendants' declarations. *See* Doc. 3; Doc. 12-1; Doc. 12-2.

Further, Rogers alleges for the first time that "Rogers reported directly to Grecco and had communications with Grecco on a weekly, if not daily basis for the majority of 2020 and 2021." *See* Doc. 15, pg. 8. Presumably, Rogers makes these unsupported and irrelevant allegations to strengthen his claim that the Individual Defendants' collective contacts are sufficient to overcome the Individual Defendants' Motion. Rogers' attempt to include facts not in the Petition, however, are wholly improper under the Federal Rules of Civil Procedure and Eighth Circuit precedent. The Court should disregard those allegations.

## CONCLUSION

For the foregoing reasons, the Individual Defendants' Motion to Dismiss should be granted, and the claims against the Individual Defendants, Tony Marino and Angelo Grecco, should be dismissed with prejudice.

Date: February 10, 2022                    Respectfully submitted,

                                                                         CONNER WINTERS, LLP

By:   *Kerri E. Kobbeman*
      Kerri Kobbeman, ABA #2008149
      4375 North Vantage Drive, Ste 405
      Fayetteville, AR 72703
      479.582.5711
      479.587.1426 (Facsimile)
      kkobbeman@cwlaw.com

      SAUL EWING ARNSTEIN & LEHR LLP
      Gary B. Eidelman (admitted *pro hac vice*)
      500 E. Pratt Street
      Suite 900
      Baltimore, MD 21202
      410.332.8975
      410.332.8976
      Gary.Eidelman@saul.com

      Garrett P. Buttrey (admitted *pro hac vice*)
      1919 Pennsylvania Ave. NW
      Suite 550
      Washington, D.C. 20006
      202.295.6642
      202.337.6065
      Garrett.Buttrey@saul.com

      *Counsel for Defendants*
      *Fiserv, Inc., First Data Corporation,*
      *Tony Marino, and Angelo Grecco*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th day of February 2022, upon electronically filing the foregoing document, a copy of same was served on all counsel of record via the court's ECF system.

*Kerri E. Kobbeman*
Kerri E. Kobbeman

39617259.6