IN THE U.S. DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| STANLEY ROGERS, | ) |
| | ) |
| Plaintiff, | )   Case No. 5:22-cv-05012-PKH |
| | ) |
| v. | ) |
| | ) |
| FISERV, INC., et al, | ) |
| | ) |
| Defendants. | ) |

**JOINT RULE 26(f) REPORT**

The Plaintiff and Defendant, by their attorneys, for their Joint Rule 26(f) Report state as follows:

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a).**

   None.

2. **Date when mandatory disclosures were or will be made.**

   Mandatory initial disclosures will be exchanged within 30 days from the filing of this report.

3. **Subjects on which discovery may be needed.**

   The parties agree that discovery will be conducted on the allegations in the Complaint, Defendants' affirmative defenses, and damages sought.

4. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

   Yes.

   a.   whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;

Yes.

b. the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;

The Parties anticipate the scope of electronic information requests to be limited to non-privileged emails, cell phone data including message history, call history, and other cellular communication data between (1) Defendants, (2) Defendants and Plaintiff, (3) Defendants and third parties, and (4) Plaintiff and third parties regarding the subject of Plaintiff's claims and Defendants' defenses, and electronically stored documents and policies.

c. the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;

The Parties will produce ESI in .pdf files or its native format as kept in the ordinary course of business.

d. whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;

The Parties have taken reasonable measure to preserve potentially discoverable data from alteration or destruction.

e. other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.

The parties agree to attempt to resolve any issues regarding electronic or computer-based discovery should the need arise prior to requesting assistance from the Court.

5. **Date by which discovery should be completed.**

The Parties will complete discovery ninety (90) days prior to trial.

6. **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure.**

None.

7. **Any orders, e.g. protective orders, which should be entered.**

The parties anticipate drafting a Protective Order to cover confidential matters that may be disclosed as relevant to the litigation. No confidential information will be disclosed between the Parties until a mutually agreeable Protective Order is entered by the Court.

8. **Any objections to initial disclosures on the ground that mandatory disclosures are not appropriate in the circumstances of the action.**

None.

9. **Any objections to the proposed trial date.**

None.

10. **Proposed deadline for joining other parties and amending the pleadings.**

120 days prior to trial.

11. **Proposed deadline for completing discovery. (Note: In the typical case, the deadline for completing discovery should be no later than sixty (60) days before trial.)**

The Parties will complete discovery ninety (90) days prior to trial.

12. **Proposed deadline for filing motions other than motions for class certification. (Note: In the typical case, the deadline for filing motions should be no later than sixty (60) days before trial.)**

The Parties will file any and all motions, other than motions for class certifications and pre-trial motions such as motions in limine, by seventy-six (76) days prior to trial.

13. **Class certification: In the case of a class action complaint, the proposed deadline for the parties to file a motion for class certification. (Note: In the typical case, the deadline for filing motions for class certification should be no later than ninety (90) days after the Fed. R. Civ. P. 26(f) conference.)**

Inapplicable.

**Dated: February 24, 2022.**

                                                **Respectfully submitted,**

OF COUNSEL
SAUL EWING ARNSTEIN & LEHR LLP

By: */s/ W. Kirk Turner*  
W. Kirk Turner, OBA #13791  
Arkansas Bar No. 2006024  
McAfee & Taft  
Two West Second Street, Suite 1100  
Tulsa, Oklahoma 74103  
Telephone: (918) 587-0000  
Facsimile: (918) 599-9317  
Kirk.turner@mcafeetaft.com  

*Attorney for Plaintiff Stanley Rogers*

By:  */s/Garrett P. Buttrey*\*  
    Garrett P. Buttrey (admitted *pro hac vice*)  
    1919 Pennsylvania Ave., NW  
    Suite 550  
    Washington, D.C. 20006  
    202.295-6642  
    202.337.6065  
    garrett.buttrey@saul.com  

Gary B. Eidelman (admitted *pro hac vice*)  
500 E. Pratt Street  
Suite 900  
Baltimore, MD 21202  
410.332.8975  
410.332.8976  
Gary.Eidelman@saul.com  

Kerri Kobbeman, ABA #2008149  
4375 North Vantage Drive, Ste 405  
Fayetteville, AR 72703  
479.582.5711  
479.587.1426 (Facsimile)  
kkobbeman@cwlaw.com  

*Counsel for Defendants*  
*Fiserv, Inc., First Data Corporation,*  
*Tony Marino, and Angelo Grecco*

**\****Signed by Plaintiff's counsel, with permission of Defendants' counsel.*

4

39681557.4.docx