UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STANLEY ROGERS                                                                                         PLAINTIFF

v.                                            No. 5:22-CV-05012

FISERV, INC., et al.                                                                                  DEFENDANTS

## OPINION AND ORDER

Before the Court is Defendants Angelo Grecco and Tony Marino's motion (Doc. 11) to dismiss for lack of personal jurisdiction and brief (Doc. 12) in support.  Plaintiff Stanley Rogers filed a response in opposition (Doc. 15).  Grecco and Marino filed a reply (Doc. 20) with leave of Court.  For the reasons set forth below, the motion will be GRANTED.

**I.      Background[1]**

Defendant Fiserv, Inc. is a corporation doing business in Washington County, Arkansas. Plaintiff was hired by Fiserv as an Account Executive on October 26, 2015, and in 2018 was promoted to Vice President of Strategic Partnerships.  As part of Plaintiff's employment, he was awarded shares of the company's common stock in 2019 and was required to execute a Restricted Stock Unit Agreement ("2019 RSU Agreement").  In 2020, Plaintiff received more shares and executed a second Restricted Stock Unit Agreement ("2020 RSU Agreement").  In 2021, Plaintiff again received common stock shares and executed a third Restricted Stock Unit Agreement ("2021

---

[1]The following facts are stated as alleged by Plaintiff in his complaint.  Although the evidence is viewed in the light most favorable to Plaintiff, the "prima facie showing [of jurisdiction] must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (internal quotations and citations omitted); *see Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 464 F.3d 589, 592 (8th Cir. 2011).  Grecco and Marino presented declarations and Plaintiff provided no affidavits, testimony, or documents in support of his response.  Instead he merely relies on the allegations in his complaint.

1

RSU Agreement"). Each RSU Agreement contained a restrictive covenant which prohibited Plaintiff from "performing duties for a competitor for a period of twelve (12) months following the termination of his employment with Fiserv." (Doc. 3, p. 2, ¶ 15).

In September 2021, Fiserv terminated Plaintiff's employment effective October 7, 2021. Plaintiff was then offered employment with another company ("Subsequent Employer"). Subsequent Employer operates in the same industry as Fiserv and allegedly conditioned Plaintiff's offer on receiving written consent from Fiserv that Fiserv would waive the restrictive covenants in the RSU Agreements. On October 14, 2021, in an attempt to receive Fiserv's written consent, Plaintiff contacted Defendant Angelo Grecco, Fiserv's Senior Vice President and Co-President SMB and asked Grecco if Fiserv would waive the restrictive convent and provided written consent. Plaintiff alleges Grecco represented to him that Fiserv would provide written consent of the waiver. Fiserv, as part of Plaintiff's termination, requested Plaintiff execute a Release of Claims ("Release") and Plaintiff requested Fiserv modify the Release to include it's the waiver. Grecco, however, informed Plaintiff that Fiserv would not modify its Release and instead would provide written consent only after Plaintiff executed the Release. On October 23 Plaintiff again requested Fiserv include the written consent in the Release, and Grecco again informed Plaintiff the Release would not be amended and a written consent would be provided after Plaintiff executed the Release.

On October 25, 2021, Plaintiff executed the Release and accepted Subsequent Employer's employment offer. Fiserv never provided Plaintiff with a written consent. Plaintiff alleges Grecco, on behalf of Fiserv, intentionally made false statements to fraudulently induce Plaintiff into executing the Release. Further, Plaintiff alleges Defendant Tony Marino, Fiserv's Executive Vice President and Chief Human Resources Officer, told Subsequent Employer to not hire Plaintiff

because Fiserv would not waive the restrictive covenant. Subsequent Employer later revoked Plaintiff's offer of employment.

Plaintiff filed the instant action in the Circuit Court of Washington County, Arkansas and Defendants removed the case to this Court. Plaintiff's complaint alleges a fraud claim against Fiserv, Inc., First Data Corporation, and Grecco and a claim for tortious interference with a business expectancy against all Defendants. Grecco and Marino filed the instant motion to dismiss arguing the Court lacks personal jurisdiction over them. In support of their motion, Grecco and Marino each submitted a declaration. Grecco's declaration states he is citizen of Pennsylvania, he has never travelled to Arkansas, and his communications with Plaintiff regarding the written consent occurred via text message, telephone, and email and Plaintiff was the one to initiate the initial conversation on or about September 23, 2021. Marino's declaration states he is a citizen of North Carolina, he has not travelled to Arkansas in over 30 years, and his only communication with Subsequent Employer occurred via text message on November 11, 2021, when Marino received a text from Subsequent Employer asking if Fiserv would waive Plaintiff's non-compete obligations.

**III.    Analysis**

Plaintiff bears the burden of establishing a prima facie showing of jurisdiction. *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020). The Court "may look beyond the pleadings to determine whether personal jurisdiction exists, including reviewing affidavits and other exhibits." *Penderson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020). "Federal courts apply the long-arm statute of the forum state to determine the existence of personal jurisdiction over the parties." *Whaley*, 946 F.3d at 451 (citing Fed. R. Civ. P. 4(k)(1)(A)); *Daimler AG v. Bauman*, 571 U.S. 117, 125

(2014). "Arkansas's long-arm statute permits personal jurisdiction to the maximum extent provided by the Due Process Clause." *Id.* (citing Ark. Code Ann. § 16-4-101).

A court may exercise personal jurisdiction over an out-of-state defendant consistent with due process so long as the defendant has sufficient minimum contacts with the state such that maintaining the lawsuit does not offend traditional notions of fair play and substantial justice. *See Henry Law Firm v. Cuker Interactive, LLC.*, 950 F.3d 528, 532 (8th Cir. 2020); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980). The defendant's contacts "must permit the defendant to reasonably anticipate being haled into court" in the forum state. *Henry Law Firm*, 950 F.3d at 532 (internal quotations and citation omitted). A defendant is subject to "general jurisdiction" when the defendant's contacts with the forum state are so systematic and continuous that the defendant can fairly be said to be "at home" in the state.[2] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "Specific jurisdiction may be conferred over causes of action arising from or related to a defendant's actions within the forum state." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745-46 (8th Cir. 2011) (citation omitted). "Specific jurisdiction, like general jurisdiction, may be justified when a defendant, through its contacts with the forum, *purposefully avails* itself of the privilege of conducting business in the forum, in a suit arising out of or related to the defendant's contacts with the forum." *Id.* at 746 (internal quotations and citation omitted) (emphasis added).

"The defendant's connection with the forum state must 'be more than random, fortuitous, or attenuated . . . .'" *Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 619 (8th Cir. 2021) (citing *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 980 (8th Cir. 2015)). "The contacts therefore have to be based on some act by which the defendant purposefully avails itself of the

---

[2] It is undisputed that the Court does not have general jurisdiction over Grecco and Marino.

4

privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Id.* (internal quotations and citation omitted).  The Court looks at five factors to assess the defendant's contact, which are:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Id.*  The first three factors are most important. *Id.*

Because Plaintiff's claims sound in intentional tort, the Court evaluates specific jurisdiction under the *Calder* effects test, which requires "two related aspects of the defendant's relationship with the forum [] must be present to establish minimum contacts."  *See Whaley*, 946 F.3d at 451 (citations omitted).

> First, the relationship must arise out of contacts that the "defendant himself" created with the forum state. *Walden v. Fiore*, 571 U.S. 277, 284, 134 S. Ct. 1115, 188 L.Ed.2d 12 (2014) (quoting *Burger King v. Rudzeqicz*, 471 U.S. 462, 475, 105 S. Ct. 2174)). Second, we look to the defendant's contacts and conduct with the forum state *itself*, not the defendant's contacts with persons who reside there. *Id.* at 285, 134 S. Ct. 1115 ("[A]lthough physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State – either by the defendant in person or through an agent, goods, mail, or some other means – is certainly a relevant contact.").

*Id.*  "[T]he 'proper question' for personal jurisdiction 'is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Morningside Church, Inc.* 9 F.4th at 620.  Further, the "plaintiff cannot be the only link between the defendant and the forum." *Id.* (internal quotations and citation omitted).

Plaintiff argues the Court has personal jurisdiction over Grecco and Marino because Plaintiff resided in Arkansas at the time of the alleged conduct and the two defendants directed their activities at Plaintiff.  However, Plaintiff's complaint fails to allege Grecco and Marino's

5

contacts with Arkansas arose because of their own actions and the declarations demonstrate Plaintiff was the "only link" between Grecco and Marino and Arkansas.

Grecco's declaration states Plaintiff first contacted Grecco regarding the potential waiver and the only communication was through telephone calls, emails, and text messages. Here, because Grecco's only contacts with Arkansas are through the telephone calls, emails, and text messages with Plaintiff, these communications were directed at Arkansas "simply because [Plaintiff] 'just happened to reside there, []—had [Plaintiff] been in California or Iowa, [Grecco] would have reached out to [him] in those states instead." *Id.* (internal quotations and citation omitted).

Further, Plaintiff's complaint does not allege Marino had any contacts with Arkansas. The sole allegation on which Plaintiff bases his tortious interference with a business expectancy claim against Marino is that Marino told Subsequent Employer not to hire Plaintiff. Plaintiff's complaint does not state where Subsequent Employer is located, how the communication occurred, or how Marino purposefully directed his communication at Arkansas. Marino's declaration states he received a text message from Subsequent Employer's employee regarding the non-compete agreement and he simply responded to the text message. There are no factual allegations to conclude Subsequent Employer's employee was even located in Arkansas when Marino's text message was sent. Grecco's and Marino's isolated communications "fit into the random, fortuitous, or attenuated category," and the first two factors—the nature and quality of the contacts with the forum state and the quantity of such contacts—weigh against personal jurisdiction.

Plaintiff argues the third factor, the relationship of the cause of action to the defendant's contacts, weighs in favor of personal jurisdiction because Plaintiff's claims, and alleged injury, are directly related to Grecco's and Marino's contacts with Arkansas. However, it "is not where the

plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Penderson*, 851 F.3d at 981 (internal quotations and citation omitted).  Plaintiff may have experienced the alleged injury in Arkansas, but "however significant [Plaintiff's] contacts with [Arkansas] may be, they cannot be decisive in determining whether [Grecco's and Marino's] due process rights are violated." *Id.* (internal quotations and citation omitted) (alterations adopted).  Plaintiff's complaint fails to allege Grecco and Marino had contacts, other than the communications with Plaintiff and Subsequent Employer, such that they "tether[ed] the effect of their actions" to Arkansas.  *Id.*  Therefore, the Court finds the third factor weighs against personal jurisdiction.  Because the first three, and most important, factors weigh against personal jurisdiction, the Court finds it lacks personal jurisdiction over Grecco and Marino under the Due Process Clause.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Defendants Grecco and Marino's motion (Doc. 11) to dismiss for lack of personal jurisdiction is GRANTED.  Plaintiff's claims against Angelo Grecco and Tony Marino are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 28th day of March, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE